IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-3542-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregory Gray has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner pled guilty, pursuant to a factual resume, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 63 months imprisonment, at the bottom end of the applicable Sentencing Guideline range, on February 9, 2012. His sentence was affirmed on direct appeal. *See United States v. Gray*, No. 12-10203, 2013 WL 3233297 (5th Cir. Apr. 10, 2013). Petitioner then filed this timely Section 2255 motion to vacate, set aside, or correct sentence, claiming that the Court misapplied the United States Sentencing Guidelines and that he received ineffective assistance of counsel.

**Legal Standards**

Post-conviction relief under Section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez,* 952 F.2d 908, 909 (5th Cir. 1992). To raise an issue for the first time on collateral review, a petitioner must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). Claims raised and resolved in a prior appeal may not be revisited on collateral review. *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980)).

A district court's calculation under or application of the Sentencing Guidelines is not the type of error cognizable under Section 2255. *See United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995). But a Section 2255 motion is the proper procedural vehicle for raising a claim of ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992).

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). To obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-pronged test

established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that he was prejudiced by the attorney's substandard performance. *See id.* at 691-92.

To obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a petitioner must establish that he was subjected to additional jail time due to the deficient performance of his attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)).

There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

**Analysis**

Sentencing Guidelines Claims

Petitioner urges that the Court improperly applied a four-level enhancement for possessing a firearm "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B) because his possession of a firearm did not make any other felony offense more dangerous. *See* Dkt. No. 2 at 5-7. This claim should be denied for a number of reasons.

First, Petitioner challenged the Court's application of Section 2K2.1(b)(6)(B) on direct appeal, claiming that "his possession of the handgun was unnecessary to the bank fraud offense and that the circumstances of the fake robbery, particularly the fact

that the handgun was unloaded, indicate that his use of a firearm did not make the bank fraud offense more dangerous." *Gray*, 2013 WL 3233297, at *1. The Fifth Circuit found that this claim was not preserved at sentencing and denied the claim because, as a factual question, it cannot constitute plain error. *Id.* A claim that has been raised and resolved on direct appeal may not be revisited on collateral review. *See Kalish*, 780 F.2d at 508.

Even if the issue had not been not fully resolved on direct review, claims of this sort generally may not be raised on collateral review because "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *Walker*, 68 F.3d at 934.

For these reasons, Petitioner's claims alleging the misapplication of the Sentencing Guidelines may not be considered by the Court.

Even if they could be, Petitioner's sentencing claim is without merit. Section 2K2.1(b)(6)(B) applies a four-level enhancement if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." The commentary to the Guidelines explains that "Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1, cmt. n.14(A). Thus, to obtain an enhancement under Section 2K2.1(b)(6), the Government must establish by a preponderance of the evidence "that the firearm 'facilitated, or had the potential of facilitating' another felony offense and that the defendant used or possessed the firearm in connection with that offense." *United States v. Coleman,* 609 F.3d 699, 708

(5th Cir. 2010) (quoting *United States v. Anderson,* 559 F.3d 348, 357 (5th Cir. 2009)).

In the Presentence Investigation Report ("PSR") and Addendum, the Probation Officer recommended that the Court apply Section 2K2.1(b)(6)(B) because Petitioner's possession of the firearm facilitated his commission of bank fraud. *See* Dkt. No. 40-1 at 8; Dkt. No. 47-1 at 3. That is, Petitioner's possession and use of the firearm made possible the false robbery meant to result in a fraudulent claim for reimbursement by Bank of America. A presentence report is generally sufficiently reliable evidence for factfinding under the Sentencing Guidelines, and the Court may adopt it without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *See United States v. Caldwell,* 448 F.3d 287, 290 (5th Cir. 2006).

In addition, Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Kenneth Benton further explained how Petitioner's gun possession facilitated the bank fraud. He testified:

> [It] was both Bank of America's policy and also required by the law that any person that is forced to remove funds from an ATM device that is in fear of their life, if they lose funds, then the bank will reimburse those funds.
>
> * * *
>
> [O]nce the bank learns that they have suffered a loss through – as best as I can restate it, as soon as the bank learns that a customer has lost funds through a threat of violence, that they are required to reimburse any funds that were actually lost.

Dkt. No. 65 at 18, 24. The Court therefore had a solid factual basis to conclude that Petitioner's possession of the firearm facilitated the offense of bank fraud.

Alleged Ineffective Assistance of Counsel

Petitioner faults his attorney because she did not object to the PSR's application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement on the ground that Petitioner's possession of the firearm did not "obviously increase[] the danger of violence" in his commission of bank fraud. Dkt. No. 2 at 7-9. As explained above, the Court properly applied the four-level enhancement under Section 2K2.1(b)(6)(B) because Petitioner's possession of the firearm facilitated, or had the potential of facilitating, the offense of bank fraud. The Court then applied the factors set forth in 18 U.S.C. § 3553(a) and imposed a reasonable sentence of imprisonment on the low end of the applicable Sentencing Guidelines. *See* Dkt. No. 65 at 40, 53, 56. Petitioner has not established that he was subjected to additional jail time as a result of counsel's failure to fully object to the application of the four-level sentencing enhancement. *See Grammas*, 376 F.3d at 439. Accordingly, this claim should be denied.

**Recommendation**

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE