**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GREGORY GRAY,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:13-CV-3542-L** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court is Petitioner Gregory Gray's ("Petitioner") Motion to Set Aside, Vacate or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed September 4, 2013. The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), on December 18, 2013, recommending that the court deny Petitioner's motion. Petitioner filed objections to the Report on January 6, 2014.

In his motion, Gray claims that the court misapplied the United States Sentencing Guidelines and that he received ineffective assistance of counsel. Petitioner contends that the court improperly applied a four-level enhancement for possessing a firearm "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B) because his possession of a firearm did not make any other felony more dangerous. Petitioner challenged the court's application of this enhancement on direct appeal and argued that his possession of the handgun was unnecessary to the bank fraud offense and that the use of the firearm did not make the bank fraud offense more dangerous since it was unloaded. As the magistrate judge explained, the Fifth Circuit found that this claim was not preserved at sentencing and subsequently denied the claim since, as a fact question, this issue could not constitute plain error. The magistrate judge correctly determined that a claim that has been raised

and resolved on direct appeal may not be revisited on collateral review. The magistrate judge further explained that a district court's calculation under or application of the Sentencing Guidelines is not the type of error cognizable under section 2255. The magistrate judge explained that this claim regarding the misapplication of the Sentencing Guidelines could not be considered by this court. The magistrate judge stated that even if it could be considered by the court, Petitioner's sentencing claim is without merit. The four-level enhancement is applied if the defendant used or possessed any firearm or ammunition in connection with another felony offense. The commentary to the Guidelines further states that this section applies if the firearm facilitated, or had the potential of facilitating, another felony offense or another offense. The magistrate judge determined that the court had a solid factual basis to conclude that Petitioner's possession of the firearm facilitated the bank fraud offense.

Plaintiff objects to the magistrate judge's determination and contends that he should be able to raise this issue for the first time on collateral review because he has shown cause for his procedural default and actual prejudice resulting from the error. Additionally, Petitioner argues that the use of the firearm was only a part of a staged event and did not facilitate a crime since the alleged crime was a fraud. The court determines that, even if Petitioner could show cause or actual prejudice, it correctly applied the Sentencing Guidelines. Petitioner clearly misses the point: bank fraud is a felony, pursuant to 18 U.S.C. § 1344. Therefore, whether the incident was a *fraud* or a staged event is quite besides the point. The court **overrules** Petitioner's objection.

In his motion, Petitioner also set forth a claim of ineffective assistance of counsel because his attorney did not object to the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement. The magistrate judge determined that Petitioner had not established that he was subjected to additional

jail time as a result of his counsel's failure to fully object to the application of the enhancement. Petitioner objects to this determination and contends that but for his attorney's mistakes, he would have been sentenced to 41 to 51 months imprisonment. For the reasons stated above, the court determines that the enhancement was correctly applied and does not agree that Petitioner was subjected to additional jail time due to any of his counsel's alleged actions or inactions. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must (1) demonstrate that his counsel's performance fell below an objective standard of reasonable professional service and (2) establish that he was prejudiced by the attorney's substandard performance. Petitioner fails to meet this test. Accordingly, the court **overrules** Petitioner's objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions. Accordingly, the court **denies** Defendant's Motion to Set Aside, Vacate or Correct Sentence and **dismisses this action with prejudice**. The court also **directs** the clerk of court to document the court's ruling on the Petitioner's former criminal case's docket (3:11-CR-00022-L) and on the current civil case's docket. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of April, 2014.

 

Sam A. Lindsay
United States District Judge

---

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order - Page 4**